[Civ. No. 3784.   Third Appellate District.—June 4, 1929.]

ROSE C. CHEESEMAN, Respondent, v. EVANS R. CHEESEMAN, Appellant.

Perry F. Backus for Appellant.

Knight & Reynolds, Goodwin J. Knight and John Perry Wood for Respondent.

THOMPSON (R. L.), J.—This is an appeal from an order modifying a final decree of divorce so as to deprive the father of the right to visit or associate with his infant daughter on account of his immoral conduct and baneful influence over the child.

In March, 1926, plaintiff was granted a final decree of divorce from the defendant on the ground of wilful desertion, and she was awarded the custody of their only infant child Margaret, subject to the usual order permitting the father to visit the child at any and all reasonable times and places and to take her out with him twice a week between the hours of 3 and 7 o'clock P. M. On May 4, 1927, an order to show cause was issued, to determine why said decree should not be modified so as to absolutely prohibit the father from "seeing, visiting or communicating" with his daughter, on account of his licentious conduct toward the child. This citation was heard upon affidavits and oral testimony adduced. The application was bitterly contested. The transcript of testimony consists of 250 pages. After a careful examination of the child, Margaret, who was six and one-half years of age, as to her qualifications for mental understanding and intelligence, by stipulation she was cautiously interrogated by the judge of the court and critically cross-examined by counsel for the appellant. Every reasonable precaution seems to have been exercised to guard against improper testimony. While the evidence of a child of such tender years should be accepted with great caution, the policy of the law no longer fixes a

minimum age at which it will be received. (28 R. C. L. 463, sec. 50.) This witness possessed at least ordinary intelligence; she was attending the B second grade of school, and her evidence is convincing of licentious conduct on the part of appellant toward the child, which is most reprehensible and appalling, and which acts are punishable by the provisions of sections 288 and 288a of the Penal Code of California.

At the conclusion of the evidence the court adopted findings and modified the final decree of divorce and awarded the sole and exclusive custody of the child to plaintiff, restraining and prohibiting the defendant from visiting or associating with the child at any time or place. In substance the court found that plaintiff is a fit and suitable person to have the care and custody of the minor child; but, upon the contrary, that the defendant was frequently guilty of vulgar, lewd and lascivious conduct toward the child, which acts were specifically enumerated and that he is an immoral person unfit to associate with his infant daughter, and that his contact with her would be highly detrimental and injurious to her character and welfare.

The appellant contends that the findings are not supported by the evidence. In an elaborate brief the appellant's chief argument is that the story of the child is unbelievable and is the result of inducement on the part of the mother and others. After a critical examination, however, this court is unable to say that the story of the child bears any evidence of falsity. Without being unduly led in the course of her examination, the child exhibited a knowledge of the details of lascivious affairs which could scarcely be taught to a child or so accurately recited by means of mere tutoring. Other witnesses corroborate the truthfulness of the child's story by the relating of certain material circumstances.

Ordinarily the weight and sufficiency of testimony must be left with the trial judge. We see no reason for departing from that rule in the present case. The findings are amply supported by the evidence and we are of the opinion that the child was qualified to testify and that her evidence was credible. No errors in the trial of the

case are charged, except as to certain hearsay statements of the child which were made to a nurse, which objection was subsequently waived by counsel for the defendant when he said: ''Very well, I will withdraw the objection at the present time.'' The objection was not renewed.

The judgment is affirmed.

Plummer, J., and Finch, P. J., concurred.